UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SUZAN M. BERG,

      Plaintiff,

v.                                     Case No:   2:13-cv-380-FtM-DNF

CAROLYN COLVIN,
Acting Commissioner of Social Security,

      Defendant.

_____

## OPINION AND ORDER

      Plaintiff, Suzan M. Berg, seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying her claim for a period of disability and disability insurance benefits. The Commissioner filed the Transcript of the proceedings, and the parties filed legal memoranda in support of their positions. For the reasons set out herein, the decision of the Commissioner is **REVERSED AND REMANDED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

## I.    Social Security Act Eligibility, Procedural History the ALJ Decision, and Standard of Review

### A.  Eligibility

      The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382a(3)(A); 20 C.F.R. §§ 404.1505, 416.905. The impairment must be severe, making the claimant unable to do her previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2),

1382(a)(3); 20 C.F.R. §§ 404.1505 - 404.1511, 416.905 - 416.911. The plaintiff bears the burden of persuasion through step four, while at step five the burden shifts to the Commissioner. *Bowen v. Yuckert*, 482 U.S. 137, 146, n.5 (1987).

### B.   Procedural History

On January 1, 2009, Plaintiff filed an application for disability insurance benefits asserting a disability onset date of June 1, 2007. (Tr. p. 182-183, 217). Plaintiff's application was denied initially on June 11, 2009, and denied upon reconsideration on October 3, 2009. (Tr. p. 184, 191). A hearing was held before Administrative Law Judge M. Dwight Evans (the "ALJ") on March 9, 2011. (Tr. p. 137). On March 10, 2011, the ALJ proposed to amend the onset date to June 1, 2009, to Plaintiff's attorney via phone message. (Tr. p. 253, 419-420).   Plaintiff's counsel responded with a written counterproposal for an amended onset date of November 5, 2008. (Tr. p. 202-06). The ALJ did not review the counterproposal and issued a partially unfavorable decision on April 1, 2011, finding that Plaintiff's onset date was June 1, 2009. (Tr. p. 120-36). On May 2, 2011, the ALJ sent a letter to Plaintiff apologizing for the oversight, and reopened the claim and scheduled a supplemental hearing. (Tr. p. 207). The supplemental hearing was held on August 17, 2011, and on December 13, 2011, the ALJ issued a decision finding that Plaintiff is not disabled. (Tr. p. 18). On April 17, 2013, the Appeals Council denied Plaintiff's request for review. (Tr. p. 1).   Plaintiff filed a Complaint (Doc. 1) on May 22, 2013.   The parties have consented to proceed before the undersigned for all proceedings. (Doc. 16).

### C.   Summary of the ALJ's Decision

An ALJ must follow a five-step sequential evaluation process to determine if a claimant has proven that he is disabled. *Packer v. Comm'r of Social Security*, 542 F. App'x 890, 891 (11th Cir. 2013) (citing *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999)). An ALJ must determine

whether the claimant (1) is performing substantial gainful activity; (2) has a severe impairment; (3) has a severe impairment that meets or equals an impairment specifically listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) can perform his past relevant work; and (5) can perform other work of the sort found in the national economy. *Phillips v. Barnhart*, 357 F.3d 1232, 1237-40 (11th Cir. 2004). The claimant has the burden of proof through step four and then the burden shifts to the Commissioner at step five. *Hines-Sharp v. Comm'r of Soc. Sec.*, 511 F. App'x 913, 915 n.2 (11th Cir. 2013).

The ALJ determined that Plaintiff met the Social Security Act's insured status requirements through December 31, 2012. (Tr. p. 23). At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since June 1, 2007, the alleged onset date. (Tr. p. 13). At step two, the ALJ found that Plaintiff suffered from the following severe impairments: cervical, thoracic and lumbar strain/sprain/spasm; and right wrist sprain, citing 20 C.F.R. § 404.1520(c). (Tr. p. 23). At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. § 404.1520(d), § 404.1525, and § 404.1526). (Tr. p. 24). At step four, the ALJ determined that Plaintiff has the residual functional capacity ("RFC") to perform medium work as defined in 20 C.F.R. § 404.1567(c). (Tr. p. 24). The ALJ determined that Plaintiff "is able to stand and/or walk for up to 6 hours in an 8 hour work day; and sit for up to 6 hours in an 8 hour work day; and claimant should avoid climbing ladders ropes or scaffolds." (Tr. p. 24). Based on this RFC, the ALJ found that Plaintiff is able to perform her past relevant work as a tax preparer and administrative clerk. (Tr. p. 27).  The ALJ proceeded to step five and found that considering Plaintiff's age, education, work experience, and RFC, Plaintiff could work the jobs of receptionist,

appointment clerk, and catalogue. The ALJ concluded that Plaintiff is not under a disability as defined in the Social Security Act, from June 1, 2007, through the date of the decision. (Tr. p. 29).

### D. Standard of Review

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standard, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence. *Richardson v. Perales,* 402 U.S. 389, 390 (1971). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla; i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995), citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson*, 402 U.S. at 401 (1971).

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote,* 67 F.3d at 1560; *accord*, *Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings).

### II. Analysis

Plaintiff raises five issues on appeal: (1) whether the ALJ erred by failing to consider and weigh the opinions of Plaintiff's treating neurologist, Dr. Kandel; (2) whether the ALJ erred by

finding that Plaintiff's mental impairments are not severe and by failing to perform an individualized analysis of the Plaintiff's mental impairments; (3) whether the ALJ erred by failing to discuss Plaintiff's severe impairment of right wrist sprain in is RFC assessment; (4) whether the ALJ erred in his consideration of the opinion of non-examining orthopedist Dr. Brovender; (5) whether the ALJ erred by finding that Plaintiff could return to past relevant work as a tax preparer.

### A. Whether the ALJ erred by failing to consider and weigh the opinions of the Plaintiff's treating neurologist, Dr. Kandel.

Plaintiff argues the ALJ erred by failing to consider or even reference two opinions of Plaintiff's treating neurologist, Dr. Kandel, dated March 6, 2009 and December 7, 2009. (Doc. 18 p. 12-13).   Plaintiff contends that the ALJ also improperly rejected Dr. Kandel's February 21, 2011 opinion that he "do[es] not see [Plaintiff] now or in the future resuming any type of gainful employment in light of her ongoing cognitive dysfunction, encephalopathy, confusional state, as well as ataxia and tremor disorder." (Doc. 18 p. 13) (citing Tr. p. 716).

The Commissioner responds that the ALJ provided "good reasons" for discounting Dr. Kandel's opinion and the reasons were supported by substantial evidence. (Doc. 24 p. 8). According to the Commissioner, Dr. Kandel's opinion is not supported by objective medical findings, and is inconsistent with the record as a whole. (Doc. 24 p. 9). The Commissioner further argues that the opinions of medical experts may be entitled to greater weight than the examining opinions if they are supported by evidence in the record. See 20 C.F.R. §§ 404.1512(b)(6); 404.1527(f)(2)(i).

An ALJ is required to consider all of the evidence in the case record when he makes his determination. 20 C.F.R. § 404.1520(a), *Brunson v. Astrue*, 850 F. Supp. 2d 1293, 1304 (M.D. Fla. 2011). An ALJ must consider the medical opinions that were submitted in the record as well as other relevant evidence. 20 C.F.R. § 404.1527(b). Medical opinions are statements from

physicians and may include a claimant's symptoms, diagnosis and prognosis. 20 C.F.R. § 404.1527(a)(2). The ALJ is required to "state with particularity the weight he gave the different medical opinions and the reasons therefore." *Sharfarz v. Bowen*, 825 F.2d 278, 279-80 (11th Cir. 1987). *See also*, *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011)). Without such a statement by the ALJ, a court cannot determine if the merits of claim are rational and supported by substantial evidence. *Id*. at 1179.

The opinions of treating physicians are entitled to substantial or considerable weight unless good cause is shown to the contrary. *Phillips v. Barnhart*, 357 F.3d 1232, 1240 (11th Cir. 2004). The Eleventh Circuit has concluded that good cause exists when the: "treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Id*. A treating physician's opinion "may be discounted when it is not accompanied by objective medical evidence or is wholly conclusory." *Edwards v. Sullivan,* 937 F.2d 580, 583–84 (11th Cir. 1991). An ALJ may disregard an opinion of a treating physician; however, he must articulate clear reasons for disregarding an opinion. *Winschel*, 631 F.3d at 1179.

In his opinion, the ALJ explained the weight he accorded Dr. Kandel's opinion as follows:

> The undersigned also gives little weight to the opinion of Joseph Kandel, M.D. Dr. Kandel opined that he does not see the claimant now or in the future resuming any type of gainful employment in light of her ongoing cognitive dysfunction encephalopathy, confusional state, as well as staxia [sic] and tremor disorder.  The undersigned finds that Dr. Kandel's opinion that the claimant is unable to work is inconsistent with the other substantial evidence of record and it is not supported by medically acceptable clinical and laboratory diagnostic techniques.

(Tr. p. 27).  Further, the ALJ provided that the "medical opinions of . . . Dr. Kandel that the claimant is disabled is given limited weight since it is unsupported by a precise functional assessment, specific medically acceptable clinical findings and laboratory diagnostic techniques,

and the weight of the other medical evidence of record." (Tr. p. 28).   These are the only two references to Dr. Kandel in the ALJ's opinion.

        In this case, although the ALJ did discuss one of Dr. Kandel's opinions, the Court finds that the ALJ erred in his treatment of the entirety of Dr. Kandel's notes.   The record contains substantial medical records evidencing a lengthy treating relationship between Plaintiff and Dr. Kandel. The record reflects that Dr. Kandel, a neurologist, began treating Plaintiff since at least 2001. (Tr. p. 730, 833).   Treatments notes from Dr. Kandel indicate that Plaintiff suffers from ataxia and gait and balance dysfunction (Tr. p. 553, 557, 714, 715, 717), problems with short-term memory, word finding, naming, and recall (Tr. p. 551, 553, 713), tremors (Tr. p. 713, 714, 715, 717), and static encephalopathy (Tr. p. 551, 708, 709, 711, 717).   Despite this treatment history with Dr. Kandel, the ALJ failed to acknowledge any of Plaintiff's treatment notes from Dr. Kandel.   The Court finds that the ALJ's failure to even acknowledge Plaintiff's lengthy treating relationship with Dr. Kandel is reversible error.

        The Court also finds that the ALJ erred in his consideration of Dr. Kandel's opinions dated March 16, 2009, and December 7, 2009.[1]   In his March 16, 2009 opinion, Dr. Kandel opined that Plaintiff has decreased ability to perform fine manipulation, decreased ability to perform gross manipulation, has gait disturbance, has sensory loss, severe fatigue, and episodic periods of remission and exacerbation. (Tr. p. 445).   Dr. Kandel noted that Plaintiff has reduced grip strength and reduced lower extremity strength. (Tr. p. 445).   Dr. Kandel opined that Plaintiff needs a

_____

[1] Although these opinions do not contain a printed designation of the signing physician, substantial evidence supports the finding that the signature on the forms is Dr. Kandel's signature. This finding is based on a comparison of these signatures with those identified as Dr. Kandel's elsewhere in the record. (Compare Tr. p. 445, 599 to Tr. p. 795, 807, 832-833).   Additionally, as Plaintiff notes, the March 16, 2009 opinion refers to Neuroscience Spine and Associates where Plaintiff was treated by Dr. Kandel, and presumably the Social Security Administration knew to whom it sent the "Treating Source Neurological Questionnaire" on which the March 16, 2009 opinion is recorded.

walking staff due to ataxia and imbalance. (Tr. p. 445).

Likewise, on December 7, 2009, Dr. Kandel opined that Plaintiff can sit/stand walk for less than 6 hours in an 8-hour workday; is unable to perform reaching, and her handling, fingering, and feeling with both hands are limited to 1/3 of a workday; she needs a 5-10 minute break every 30 minutes; she occasionally needs to elevate her legs above the heart level and needs rest due to chronic pain in the morning and in the afternoon. (Tr. p. 598-599).   Dr. Kandel indicated that Plaintiff has a mental impairment due to encephalopathy and fatigue which causes constant problems with concentration; limits Plaintiff's ability to follow/carry out/remember/understand simple instructions for 2/3 of a workday; limits her ability to use judgment for 2/3 of a workday; limits her ability to respond to supervision or coworkers in usual work situations for 2/3 of a workday; and limits her ability to deal with changes in a routine work setting for 2/3 of a workday (Tr. p. 599).

As opinions of Plaintiff's treating physician, the ALJ was required to demonstrate good cause for not according Dr. Kandel's March 16, 2009, and December 7, 2009, functional assessments great weight.   Instead, the ALJ failed to mention them in his opinion, just as he failed to mention or discuss all other medical treatment notes from Dr. Kandel.   In light of this oversight, the Court finds that remand is appropriate for the ALJ to consider the medical treatment notes of Dr. Kandel and to state the weight he accords each of Dr. Kandel's opinions, including the opinions dated March 16, 2009, and December 7, 2009.

**B. Whether the ALJ erred by finding that Plaintiff's mental impairments are not severe and by failing to perform an individualized analysis of the Plaintiff's mental impairments**

Plaintiff argues that the ALJ erred by failing to complete a Psychiatric Review Technique Form ("PRTF") or comply with the mode of analysis the form and 20 C.F.R. § 404.150a requires.

(Doc. 18 p. 20).   Plaintiff contends that the ALJ failed to perform an individualized assessment of Plaintiff's mental impairments, but instead merely cited to a PRTF completed by a non-examining state agency psychological consultant, Dr. Ames-Dennard. (Doc. 18 p. 18).   Plaintiff argues that this error is compounded by the fact that Dr. Ames-Dennard did not have Plaintiff's mental health treatment records from Plaintiff's treating psychologist, Dr. Rectanus, when she completed her PRTF. (Doc. 18 p. 19).   The Commissioner responds that the ALJ properly considered the evidence regarding Plaintiff's mental condition and incorporated the psychiatric review technique mode of analysis into his decision. (Doc. 24 p. 4).

In considering an individual with a mental impairment, the ALJ is required to use the "special technique" dictated by the PRTF for evaluating mental impairments. *Moore v. Barnhart*, 405 F.3d 1208, 1213 (11th Cir. 2005) (citing 20 C.F.R. § 404.1520a).   This technique requires the evaluation of how the claimant's mental impairment impacts four functional areas: "activities of daily living; social functioning; concentration, persistence, or pace; and episodes of decompensation." *Id.* (quoting 20 C.F.R. § 404.1520a(c)(3)-(4)).   For the first three categories of mental functioning, the ALJ must rate the degree of limitation on a five-point scale: none, mild, moderate, marked, or extreme.   20 C.F.R. § 404.1520a(c)(4).   For the last category, the ALJ must rate the degree of limitation on a four-point scale: none, one or two, three, or four or more.   20 C.F.R. § 404.1520a(c)(4).   Under the regulations, "[i]f we rate the degree of your limitation in the first three functional areas as 'none' or 'mild' and 'none' in the fourth area, we will generally conclude that your impairment(s) is not severe...."   20 C.F.R. § 404.1520a(d)(1).   The ALJ is required to complete a PRT form and append it to the decision or incorporate the results of this technique into the findings and conclusions of his decision.   *Moore*, 405 F.3d at 1214.

In his opinion, the ALJ found "that the medical evidence of record supports a finding that the claimant has mild restrictions in the area of activities of daily living; no difficulties in the area of social functioning; mild difficulties in the area of concentration, persistence or pace, and the claimant has not experienced any episodes of decompensation." (Tr. p. 24).   In support of these findings, the ALJ did not perform any independent analysis, but cited to a single PRTF completed by Dr. Ames-Dennard on June 10, 2009.   However, when Dr. Ames-Dennard completed this PRTF she did not yet have Plaintiff's mental health treatment records from Plaintiff's treating physician, Dr. Rectanus.   These notes were not entered into the record until November 10, 2009. The Court finds that the ALJ's conclusory findings and reliance on a single PRTF that was completed without reference to Plaintiff's treating psychologist's notes does not constitute substantial evidence.   On remand, the ALJ must more fully explain his psychiatric review technique analysis.

### C. Whether the ALJ erred by failing to discuss Plaintiff's severe impairment of right wrist sprain in is RFC assessment.

Plaintiff argues that although the ALJ found the medical issues related to the hand injury constitutes a severe impairment, the ALJ failed to consider the impact of this severe impairment on Plaintiff's RFC. (Doc. 18 p. 21).   Plaintiff contends that the ALJ should have identified how Plaintiff's severe right hand impairment affects her ability to perform work. (Doc. 18 p. 21-22). The Commissioner responds that Plaintiff failed to show that her right wrist sprain, or condition in general, supported additional limitations. (Doc. 24 p. 5).

At step two in the five-step sequential evaluation process, the ALJ is called upon to determine whether a claimant's impairments are severe. *See* 20 C.F.R. §§ 404.1520, 416.920. A severe impairment is "any impairment or combination of impairments which significantly limits [...] physical or mental ability to do basic work activities." 20 C.F.R. § 404.1520(c). A severe

impairment must bring about at least more than a minimal reduction in a claimant's ability to work, and must last continuously for at least twelve months. *See* 20 C.F.R. § 404.1505(a). While the standard for severity is low, the severity of an impairment "must be measured in terms of its effect upon ability to work, and not simply in terms of deviation from purely medical standards of bodily perfection or normality." *McCruter v. Bowen*, 791 F.2d 1544, 1547 (11th Cir. 1986).

In this case, to the extent that Plaintiff argues that the ALJ erred by failing to find RFC limitations due to his step two finding that Plaintiff has the severe impairment of right wrist sprain, the Court finds that this argument is without merit. The prevailing rule is that an ALJ does not err solely because he finds that an impairment is severe at step two but does not attribute any limitation to that impairment in assessing the claimant's RFC. *Davis v. Comm'r of Soc. Sec.*, 2013 WL 6182235, at *6 (M.D. Fla. Nov. 25, 2013). An impairment may meet the minimal definition of severity without materially affecting the claimant's RFC. *Id.* Thus, the Court finds that there is no inconsistency between the ALJ's finding at step two and his ultimate determination that Plaintiff's right wrist sprain did not warrant additional limitations. The ALJ, however, is not excused from considering the effects of Plaintiff's right wrist sprain in his RFC determination. Social Security Ruling ("SSR") 96-8p (providing that the "RFC assessment must be based on *all* of the relevant evidence in the case record").[2]

In his opinion, the ALJ noted that Plaintiff's claim for disability is based, in part, on her allegation of "status post 2010 motor vehicle accident resulting in right wrist pain . . ." (Tr. p. 23). Despite this acknowledgement and his finding that Plaintiff's right wrist sprain is a severe

---

[2] According to the Eleventh Circuit, "Social Security Rulings are agency rulings published under the Commissioner's authority and are binding on all components of the Administration. Even though the rulings are not binding on us, we should nonetheless accord the rulings great respect and deference . . ." *Klawinski v. Comm'r of Soc. Sec.*, 391 F. App'x 772, 775 (11th Cir. 2010) (unpublished) (citations omitted).

impairment, the ALJ never performed an analysis of how this impairment affects Plaintiff's RFC. The only medical reference that relates to Plaintiff's severe impairment of right wrist sprain is a consultative evaluation completed by Dr. Neil Johnson on April 18, 2009. (Tr. p. 455). Dr. Johnson found that Plaintiff had full use of her hands, and could button her clothes, pick up a coin, and open a door. (Tr. p. 455). However, this evaluation occurred before Plaintiff injured her hand in a car accident in May, 2010. (Tr. p. 607, 707). Treatment notes following this accident shows evidence of navicular injury and that Plaintiff's right thumb was placed in a thumb spica splint. (Tr. p. 607). A sensory exam performed by Dr. Kandel revealed that Plaintiff had hypesthesia in the distal median nerve and ulnar nerve distribution in the right hand. (Tr. p. 708). The ALJ never discussed these records in his opinion.

As Dr. Johnson's opinion was given over a year before Plaintiff's car accident, it does not constitute substantial evidence that Plaintiff's right wrist sprain does not impact her RFC. In formulating Plaintiff's RFC, the ALJ had a duty to consider all of the relevant evidence in the case record. SSR 96-8p. There is no evidence that the ALJ considered the relevant evidence pertaining to Plaintiff's severe impairment of right wrist sprain. Accordingly, the Court finds that this case is due to be remanded to the ALJ with directions to evaluate Plaintiff's severe impairment of right wrist pain in his RFC analysis.

### D. Whether the ALJ erred in his consideration of the opinion of non-examining orthopedist Dr. Brovender.

Plaintiff argues that the ALJ erred in adopting the opinion of Dr. Brovender, who found that Plaintiff's encephalopathy was not a severe impairment. (Doc. 18 p. 23-24). Plaintiff contends that the ALJ had no reasonable grounds to rely on Dr. Brovender's opinion given Dr. Brovender's testimony that his opinion only concerned Plaintiff's orthopedic condition, not a neurologic condition. (Doc. 18 p. 24). Plaintiff argues that Dr. Brovender's opinion cannot be

relied upon because he did not have the benefit of longitudinal records from Dr. Kandel, dated between February 8, 2011 and July 21, 2011. (Doc. 18 p. 24).

The Commissioner responds that the ALJ accorded Dr. Brovender's opinion proper weight. (Doc. 24 p. 7). The Commissioner argues that Dr. Brovender thoroughly considered the medical records, and his opinions are supported by the medical evidence and are consistent with the record as a whole. (Doc. 24 p. 7).

As noted above, the Eleventh Circuit has held that whenever a physician offers a statement reflecting judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis, and prognosis, what the claimant can still do despite his or her impairments, and the claimant's physical and mental restrictions, the statement is an opinion requiring the ALJ to state with particularity the weight given to it and the reasons therefor. *Winschel v. Commissioner of Social Security,* 631 F.3d 1176, 1178-79 (11th Cir. 2011).   Without such a statement, "it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence." *Id.* (citing *Cowart v. Shweiker,* 662 F.2d 731, 735 (11th Cir. 1981)).

In his opinion, the ALJ noted the testimony of Dr. Brovender, who testified at the administrative hearing on August 17, 2011, as a medical expert.   Dr. Brovender testified that Plaintiff has Ataxia, surgical spine pain, hand pain, a history of pancreatitis. (Tr. p. 25).   Dr. Brovender also testified that Plaintiff has been diagnosed with static encephalopathy and swelling of the brain, but that these conditions had resolved. (Tr. p. 25).   Dr. Brovender opined that Plaintiff has the RFC to perform medium work, and that her treatment notes indicate that she is doing well. (Tr. p. 26).   The ALJ, however, failed to specify with particularity the weight given to Dr. Brovender's opinion.   Thus, it is impossible for this Court to determine whether the ALJ's

decision is supported by substantial evidence. *See Winschel*, 631 F.3d at 1178-79.   Presumably, the ALJ accorded great weight to Dr. Brovender's opinion that Plaintiff has the RFC to perform medium work, as the ALJ made this same finding in his own RFC determination.   However, as this case is already being remanded on other grounds, the Court finds it best to remand on this issue as well, with directions to the ALJ to state and explain the weight he accorded the opinion of Dr. Brovender.

### E.  Whether the ALJ erred by finding that the Plaintiff could return to past relevant work as a tax preparer

Plaintiff argues that the ALJ erred by finding that her employment as with H&R Block as a "tax preparer" constituted "past relevant work" for purposes of step four analysis. (Doc. 18 p. 26). Plaintiff argues that her employment with H&R Block was not "past relevant work" because her earnings were below the threshold limit to be considered substantial gainful employment. (Doc. 18 p. 26). The Commissioner agrees that Plaintiff's past work as a tax preparer was not performed at the level of substantial gainful activity. (Doc. 24 p. 11).

Past relevant work is work that a claimant has performed within the past 15 years, that was substantial gainful activity, and that lasted long enough for the claimant to learn to do it. 20 C.F.R. §§ 404.1560(b), 404.1565(a).   In this case, the parties agree that Plaintiff's work at H&R Block does not constituted "past relevant work" because it was not performed at the level of substantial gainful activity.   Thus, the Court finds that the ALJ erred in finding that Plaintiff could return to her past relevant work as a tax preparer.   On remand, the ALJ cannot consider Plaintiff's work at H&R Block to constitute past relevant work in his step four analysis.

### III.   Conclusion

Upon consideration of the submissions of the parties and the administrative record, the Court finds that the decision of the ALJ is not supported by substantial evidence.   The decision of

the Commissioner is **REVERSED AND REMANDED** pursuant to sentence four of 42 U.S.C. §

405(g) for the Commissioner to hold further proceedings consistent with this Opinion and Order.

The Clerk of Court is directed to enter judgment accordingly, terminate any pending motions and

deadlines, and close the file.

      **DONE** and **ORDERED** in Fort Myers, Florida on September 26, 2014.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties